**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larisa F Stokes Trust,<br><br>    Plaintiff,<br><br>v.<br><br>Roberta Franzheim,<br><br>    Defendant. | No. CV-21-00538-TUC-JGZ<br><br>**ORDER** |

  Pending before the Court are Plaintiff's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. 25) and Plaintiff's Motion to Compel and for Civil Contempt. (Doc. 26.) Defendant did not respond to either Motion and the time for doing so has expired. *See* LR Civ. 7.2(c).

**I. Background**

  Plaintiff brought this state law breach of contract action in diversity seeking the return of a unique Diego Rivera painting. (Doc. 1.) After the Defendant failed to timely respond to the Summons and Complaint (Doc. 8) the Clerk entered Default. (Doc. 11.)

  On May 18, 2022, the Court granted Plaintiff's Motion for Default Judgment (Doc. 16) and entered default judgment "as to all allegations asserted by Plaintiff against Defendant," plus "attorney fees and taxable costs incurred after April 28, 2022." (Doc. 23.) The May 18 Order directed Defendant to make the painting available for appraisal and pickup on June 7, 2022, and to pay associated expenses. (*Id.*) On May 23, 2022, Plaintiff filed the present motion seeking an award of attorneys' fees pursuant to A.R.S.

§ 12-341.01(A). (Doc. 25.)

On June 21, 2022, after the Defendant failed to return the painting as ordered by the Court, Plaintiff filed a Motion to Compel and for Civil Contempt (Doc. 26) seeking, among other relief, the award of attorneys' fees and taxable costs incurred because of Defendant's failure to comply with the Court's May 18 Order. On July 28, 2022, the Court conducted a Show Cause Hearing and granted Plaintiff's motion for attorneys' fees as requested within the Motion to Compel; ruling on the remaining portions of the Motion was held in abeyance pending return of the painting. (Doc. 30.)

Finally, on August 11, 2022, Plaintiff filed a Notice Re: Authority for Attorneys' Fees Award (Doc. 31), acknowledging that attorneys' fees incurred in obtaining a default judgment may not be awarded under A.R.S. § 12-341.01 because a default judgment is not a contested action. Plaintiff now seeks to recover reasonable attorneys' fees incurred after April 28, 2022, in connection with counsel's attempts to obtain Defendant's compliance with the Court's May 18 Order. (*Id.* at 1.)

**II.   Discussion**

"A federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992). This case was litigated in diversity in Arizona. (Doc. 1, ¶ 6.) Arizona law provides for the award of attorneys' fees to the successful party "[i]n any contested action arising out of a contract, express or implied." A.R.S. § 12-341.01(A). As Plaintiff acknowledges, however, a default judgment is not a contested action. A contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff. *Granite State Ins. Co. v. CME Prof'l Services LLC*, 2019 WL 399923, at *5 (D. Ariz. Jan. 31, 2019) (citing *Morrison v. Shanwick Int'l Corp.*, 804 P.2d 768, 775 (Ariz. App. 1990)). Thus, Plaintiff is not entitled under Arizona law to recover fees incurred in obtaining the default judgment.

Federal courts are, however, "vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders . . . As a

function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc*., 244 F.3d 1128, 1136 (9th Cir. 2001)). A court may utilize its civil contempt powers to coerce obedience to a court order or to compensate a party for losses sustained by the contemnor's noncompliance. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016). Because "attorneys' fees frequently must be expended to bring a violation of an order to the court's attention," trial courts have discretion to determine whether an award of fees and expenses is an appropriate remedial measure in a contempt case. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

This action terminated on May 18, 2022, when the Court entered default judgment and ordered Defendant to make the painting available for appraisal and pickup on June 7, 2022. Defendant did not make the painting available as directed, nor did she make any effort to substantially comply. (Doc. 26 at 3.) While the Court may not award fees incurred by the Plaintiff in obtaining the default judgment, the Court may award fees incurred after May 18, 2022, as an appropriate sanction on Defendant for failing to comply with the Court's Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and for Civil Contempt (Doc. 26) is **GRANTED** in part. Defendant shall pay Plaintiff's reasonable attorneys' fees and taxable costs incurred after **May 18, 2022** in connection with obtaining compliance with the Court's Orders. Plaintiffs must file an application for such fees pursuant to Fed. R. Civ. P. 54(d)(2) and LR Civ. 54.2, and a separate request for taxable costs pursuant to LR Civ. 54.1(a), within ten (10) days of Defendant's return of the painting to Plaintiff. Ruling on the remaining portions of the Motion to Compel will be held in abeyance until the September 1 Hearing.

**IT IS FURTHER ORDERED** that the September 1, 2022 hearing on the Motion to Compel is affirmed. To accommodate the Court's calendar, the hearing is **RESET** as to time only to **4:45 p.m.**

**IT IS FURTHER ORDERED THAT** the Court's May 18, 2022 Order (Doc. 23), to the extent that it awards attorney's fees incurred prior to May 18, 2022, is **AMENDED**.

Dated this 29th day of August, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge